**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**OSMAN KASHLAN, an individual**  **PLAINTIFF**

vs.  NO.  4:06-CV-000497 GTE

**TCBY SYSTEMS, LLC, a Delaware**
**limited liability company, and**
**TCBY OF JORDAN, INC., an**
**Arkansas corporation**  **DEFENDANTS**

## ORDER ON MOTION TO COMPEL

Before the Court is a Motion to Compel filed by Defendant TCBY Systems, LLC, and TCBY of Jordan, Inc. (collectively, "TCBY" or "the TCBY Defendants"). Plaintiff Osman Kashlan has responded to the motion. Additionally, TCBY has filed a reply brief. For the reasons stated below, the Court concludes that the motion is granted except with regard to the Kashlan Foods' request. The Court further concludes that TCBY has been denied discovery to which it is clearly entitled, that Kashlan was not justified in withholding said discovery, and that costs, including attorney's fees, shall be assessed against Kashlan's counsel.

## FACTUAL BACKGROUND

On April 20, 2006, Kashlan filed his Complaint in this Court. The Complaint contains two counts: (1) Declaratory Judgment; and (2) Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing. Kashlan and TCBY of Jordan entered into a Transnational Master Franchise Agreement (the "TMFA") that allowed Kashlan to develop and

1

subfranchise TCBY franchises in Syria and Jordan.  Kashlan contends that TCBY breached and improperly terminated the TMFA in September of 2005.

On May 30, 2006, the TCBY Defendants filed their Answer and Counterclaim.  The Counterclaim asserts the following causes of action: (1) Breach of Contract; (2) Trademark Infringement; (3) Trade Dress Infringement; (4) Dilution of Marks and Trade Name; (5) Acts of Unfair Competition; and (6) Declaratory Judgment.  Defendants contend that Kashlan breached his obligations under the TMFA, including his post-termination obligations (e.g., the cessation of use of TCBY Marks, and the marketing and sale of TCBY Yogurt or other TCBY products), following the termination of the TMFA on September 26, 2005.[1]

On August 22, 2007, the TCBY Defendants filed the instant Motion to Compel.  Therein, the TCBY Defendants request a Court Order:  (1) compelling Kashlan to respond to TCBY of Jordan's First Set of Interrogatories; (2) compelling Kashan to produce documents responsive to TCBY of Jordan's First Set of Requests for Documents; (3) imposing sanctions against Kashlan; (4) striking Kashlan's affirmative defenses; and (5) granting leave to amend the Scheduling Order of September 21, 2006.  Since the filing of the motion to compel, the Court has amended the Scheduling Order at the joint request of the parties.  Thus, that portion of the motion is moot, although it does appear that the discovery deadlines in this case were required to be extended, at least in large part, due to Kashlan's delay in responding to TCBY's written discovery.

## THE DISCOVERY REQUESTS

The TCBY Defendants served discovery requests on Plaintiff in December 2006. Plaintiff submitted responses to said requests, interrogatories and requests for production, on

---

[1] *See* Counterclaim, ¶¶ 42-44.

April 20, 2007. The parties agreed to extensions of time for this delay and thus, Plaintiff's initial responses were timely filed.[2]

Plaintiff Kashlan did not provide any documents with his responses. Instead, he stated that responsive documents "shall be produced."

On June 21, 2007, counsel for the TCBY Defendants wrote to Kashlan's counsel, indicating that he continued to await Kashlan's responsive production of documents. TCBY's counsel also requested that Kashlan's counsel contact him concerning the timing of such production. Finally, the letter identified alleged inadequacies with Kashlan's discovery responses and requested supplementation or clarification.

The record indicates that Kashlan's counsel made no effort to respond to TCBY counsel's June 21st letter, despite follow-up phone calls from TCBY's counsel in an effort to speak with Kashlan's counsel, until the time the motion to compel was filed on August 22, 2007. Kashlan's counsel does not dispute that he made no effort to contact TCBY's counsel during this two-month period. Nor does he offer any reason for his conduct.

Kashlan did not produce one responsive document until August 29, 2007, one week after the motion to compel was filed.

## THE PARTIES' ATTEMPT TO RESOLVE DISCOVERY DISPUTES

The Local Rules of the Eastern and Western Districts of Arkansas require that parties confer in good faith and attempt to resolve all discovery issues prior to involving the Court. Local Rule 7.2(g) requires that any motion to compel include a statement indicating that the

---

[2] In so ruling, the Court rejects TCBY's argument that Kashlan has waived all objections to the written discovery because, despite the April 20th date on his discovery responses, he did not actually place the discovery in the mail until April 23rd.

parties have so conferred.  Local Rule 7.2(g) serves the very practical purpose of not interjecting courts unnecessarily or prematurely into discovery disputes.

The motion papers indicate that Kashlan's counsel ignored the efforts of TCBY's counsel to engage in discussions about discovery.  Of course, parties can not confer in good faith if one party will not respond.

## DISCUSSION

### 1.    Interrogatories Regarding Kashlan Foods (Nos. 1, 3 and 4).

The parties dispute whether Plaintiff Kashlan should be required to answer the identified interrogatories to the extent they were addressed to Kashlan Foods.  Plaintiff Kashlan points out that Kashlan Foods is not a party to this action, is not a party to the Transnational Master Franchise Agreement at issue in the case, and that TCBY's Counterclaim makes no effort to claim that Kashlan is the alter ego of Kashlan Foods.  Relying on the "nearly universal rule that a corporation and its stockholders are separate and distinct entities, even though a stockholder may own the majority of the stock,"[3] Kashlan objects to TCBY's attempt to define "you" and "your" in the interrogatories to mean and refer to "Kashlan Foods."

The TCBY Defendants argue that Kashlan Foods played a "critical role in the matters governed by the TMFA."  The Court can not agree with TCBY's assertion "[t]hat Kashlan Foods is not a party to this action is of no consequence." (Reply at p. 4, doc. # 42).  TCBY's theory would destroy the legal separation between corporations and individuals.  The only parties to the TMFA are TCBY of Jordan, Inc., and Osman Kashlan.  The only franchisee is Osman Kashlan.

---

[3] *Rhodes v. Veith*, 80 Ark. App. 362, 365-66 (Ark. Ct. App. January 29, 2003); *First Comm'l Bank v. Walker*, 969 S.W.2d 146 (Ark. 1998).

Kashlan Foods is not a party to this lawsuit. Regardless of whether Kashlan Foods "has any connection" to issues in this litigation, such provides no basis for ignoring the fact that Fed. R. Civ. P. 33 and 34 apply only to parties.

On this point alone, TCBY's motion is denied.

### 2. Interrogatories No. 15, 16, 17, and 18

Interrogatory 15 seeks information regarding each alleged breach of the TMFA. Interrogatories 16-18 seek information regarding the underlying basis for various claims in Kashlan's complaint. TCBY contends that Kashlan's responses referring TCBY back to the complaint are inadequate. The Court agrees.

Kashlan does not oppose this request, but states that he provided documents responsive to the request after the motion was filed. In its reply brief, TCBY states that Kashlan's document production does not comply with Rule 33(d)'s limitation on when business records may be produced as an alternative to answering interrogatories.

TCBY's motion is granted on this point. The Court directs that Kashlan shall either answer said interrogatories, or shall make a specification of the documents produced "in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained."[4]

### 3. Interrogatory No. 10

TCBY objects to Plaintiff's failure to answer Interrogatory No. 10, which states: "Specifically identify and describe in detail all damages that YOU claim to have suffered as a result of the termination of the TMFA on September 26, 2005." Kashlan interposes the

---

[4] Fed. R. Civ. P. 33(d).

following response:

> The general objections listed above are incorporated herein. Notwithstanding those objections, Plaintiff estimates that he has suffered damages believed to be in excess of Five Million Dollars ($5,000,000.00) arising from Defendants' breach of the contracts with Plaintiff. Plaintiff submits that his investigation and assessment of damages suffered as a result of Defendants' breach of contracts with Plaintiff is still ongoing, and Plaintiff reserves the right to supplement and/or modify his damages calculation at a later date.[5]

TCBY argues that Kashlan must make an effort to provide the information it will provide to its expert regarding his damages. Kashlan responds that he intends to retain the services of an expert witness "who will calculate the damages suffered with precision" at which time he will provide TCBY with an expert report. Kashlan argues that it is appropriate for him to simply estimate his damages at this point.

The Court concludes the response is inadequate. After four months, Kashlan should have some idea of the damages he claims to have suffered. He may require the services of an expert to quantify such damages, but to delay even advising TCBY of the nature of the damages he allegedly sustained is wholly inexcusable.

Kashlan is directed to make a good-faith effort to answer this interrogatory.

**4. Interrogatory No. 13**

In Interrogatory No. 13, TCBY requested that Kashlan identify each and every TCBY store owned and/or operated at any time and to provide specific information for each such store to-wit: (a) the address of the store; (b) the date the store opened and closed; (c) the date the store stopped serving TCBY yogurt; (d) each and every reason why the store closed; (e) whether the

---

[5] Exh. B to TCBY's motion, at p. 9.

store ever sold non-TCBY yogurt and, if so, the time period when such sales occurred; (f) whether the store had TCBY signage and/or point-of-purchase advertising; and (g) the names, addresses, and telephone numbers of the employees of those stores. In response, Kashlan objected to the request for names, addresses, and telephone numbers of its store employees as irrelevant, harassing, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding this objection, Kashlan provided some of the information, identifying four stores, all located in Syria, by location and an approximation of the date opened.

With regard to Interrogatory No. 13, Kashlan does not contend its original response was adequate, but he argues that since the filing of the motion, he has made "substantial efforts to attempt to obtain additional information responsive to this interrogatory." Kashlan further agrees to supplement his answer to this interrogatory. Once again, TCBY was forced to file a motion to compel in order to secure adequate responses to its written discovery. This is unacceptable.

### 5. Interrogatory No. 14

In Interrogatory No. 14, TCBY requested that Kashlan identify each and every store that Kashlan planned, but failed, to open. The interrogatory also required that Kashlan identify "all work that had been undertaken to open each store." After interposing a general objection, Kashlan stated:

> 1) Mazzeh, Fayez Monsour Street location
> 2) Ghassani location
> Plaintiff states that an immense work had been undertaken to open these two stores, including the construction and site development of each such store locations and TCBY approval.[6]

---

[6] Pl.'s resp. to Int. 14, Exh. B to Defs.' motion.

7

TCBY argues that the response is deficient.  In support, TCBY points out that Kashlan has made no effort to provide any information whatsoever relating to the work undertaken to open the stores identified in his response.  Kashlan contends his response is adequate. He further contends that the "remaining detailed information" TCBY seeks is "better-suited for deposition."

The Court agrees with TCBY that the answer is deficient.  Kashlan has not yet answered the question to the point that it would be appropriate to conclude that further inquiry should be made at deposition.  The point of requiring substantive answers to written discovery is to narrow a claiming party's theory of liability and damages prior to taking depositions.  A party is not required to go into a deposition blind, but is entitled to use written discovery to bring the opposing party's claim into focus prior to conducting the deposition.  While Kashlan is not required to state in intricate detail everything he did, certainly he must make a good-faith effort to identify the "immense work" undertaken.

Kashlan shall make a good-faith effort to respond to this interrogatory.

**6.    Sanctions**

TCBY requests that the Court impose sanctions for Kashlan's failure to provide adequate discovery responses.   Under the discovery rules, evasive or incomplete responses are treated as failures to respond.[7]   TCBY requests an award of costs, including attorney's fees, incurred in pursuing this motion. TCBY also contends that an appropriate sanction would be to strike Kashlan's affirmative defenses.  For the reasons stated below, the Court agrees that sanctions in the form of an award of costs, including attorney's fees, are appropriate.

---

[7] Fed. R. Civ. P. 37(a)(3).

Fed. R. Civ. P. Rule 37(a)(4)(A) provides, in pertinent part:

> If the motion [to compel or seeking a protective order] is granted or if the disclosure or requested discovery is provided after the motion was filed, the court <u>shall</u>, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party filing the motion or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorneys' fees, unless the court finds that the motion of was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

(emphasis added).

Rule 37 thus imposes "the loser pays" as the general rule in court resolved discovery disputes. By making the award of expenses in connection with discovery related motions the rule rather than the exception, it was hoped that parties would be deterred from making unjustified motions for discovery and from resisting discovery without justification. Wright, Miller & Marcus, *Federal Practice and Procedure: Civil 2d* § 2288 at p. 657.

The Court finds that TCBY's motion was justified and that no circumstances exist that would make an award of expenses unjust. The Court notes that the majority of these discovery issues could have and should have been resolved without court intervention if Kashlan's counsel had taken the time to communicate. That Plaintiffs' counsel refused to engage in any discussions regarding discovery, thereby necessitating the filing of a motion, supports an award of sanctions. TCBY substantially prevailed on its motion, losing only the issue regarding Kashlan Foods. That issue might have been resolved too, but for Kashlan's counsel refusal to confer with TCBY's counsel. If appropriate, the Court may make a slight adjustment to any fees

awarded to recognize the fact that Kashlan prevailed on that sole issue. Or, the Court may not since there is no question but that TCBY substantially prevailed on its motion and given the conduct of Kashlan's counsel.

Additional authority for the imposition of sanctions is found in the Model Rules of Professional Conduct. All attorneys appearing in this Court are subject to the Uniform Federal Rules of Disciplinary Enforcement.[8] Under such rules, counsel appearing before this Court are subject to the standards for professional conduct set forth in the Model Rules of Professional Conduct, which the Arkansas Supreme Court and this federal district court have adopted.[9] Under Rule 1.3 of the Model Rules of Professional Conduct ("Model Rules"), "a lawyer shall act with reasonable diligence and promptness in representing a client." Under Model Rule 3.2, "a lawyers shall make reasonable efforts to expedite litigation consistent with the interests of the client." The comment to Rule 3.2 provides:

> Dilatory practices bring the administration of justice into disrepute. Delay should not be indulged merely for the convenience of the advocates , or for the purpose of frustrating an opposing party's attempt to obtain a rightful redress or repose. It is not a justification that similar conduct is often tolerated by the bench and bar. The question is whether a competent lawyer acting in good faith would regard the course of action as having some substantial purpose other than delay. . . .

As a result of the conduct of Kashlan's counsel, discovery has been delayed unnecessarily. The conduct of Kashlan's counsel in failing over a two-month period to respond to TCBY counsel's letter and phone calls and in refusing to respond to legitimate discovery

---

[8] *See* Local Rule 83.5(e). Plaintiff's counsel Alejandro Brito and Robert Zarco sought and were granted permission to appear and participate in this action pursuant to Local Rule 83.5(d). (See Plaintiff's motion, docket # 3 and Order, docket # 7).

[9] *See* Local Rule Appendix, Rule IV.

requests until a motion to compel was filed supports an imposition of sanctions independently from Rule 37.  As Judge Bill Wilson observed in awarding attorney's fees in the context of discovery based on Model Rules 1.3 and 3.2: "[F]ailure to cooperate in the discovery process adds to the expense of litigation; it also leads to escalating vexation, and imbroglios, . . ." *Baptist Health v. Smith*, 393 F.Supp.2d 719, 721 (E.D. Ark. 2005)(awarding attorney's fees as a sanction after lawyer failed to respond to phone calls and to cooperate during the discovery process).

Kashlan was on notice of TCBY's request for sanctions when it responded to the pending motion.  Even so, it failed to controvert the allegations supporting TCBY's request or to provide any explanation for the dilatory conduct reported by TCBY.   On the basis of the materials presently before the Court, the Court concludes that TCBY is entitled to its reasonable expenses incurred in filing its successful motion to compel, including attorney's fees.  The Court further concludes that because Kashlan's counsel's conduct necessitated the filing of this motion, prematurely and perhaps altogether unnecessarily, that any expenses awarded shall be paid by Kashlan's counsel.

## CONCLUSION

For the reasons herein stated,

IT IS HEREBY ORDERED THAT the TCBY Defendants' Motion to Compel (Docket No. 33) be, and it is hereby, GRANTED IN PART and DENIED IN PART on the terms and for the reasons stated herein.  Plaintiff Kashlan is directed to provide the supplemental discovery responses, as directed herein, not later than **November 23, 2007.**

TCBY is hereby directed to submit for the Court's consideration an itemization of

11

requested expenses and fees incurred in connection with said motion.  If Plaintiff's counsel controverts the amount requested by TCBY, or wishes to be heard further on the issue of sanctions, he shall file a timely response.

    IT IS SO ORDERED this __6th__ day of November,  2007.

                                        _/s/Garnett Thomas Eisele_____  
                                        UNITED STATES DISTRICT JUDGE