**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**OSMAN KASHLAN, an individual**                                                      **PLAINTIFF**

**vs.**                                        **NO.  4:06-CV-000497 GTE**

**TCBY SYSTEMS, LLC, a Delaware
limited liability company, and
TCBY OF JORDAN, INC., an
Arkansas corporation**                                                      **DEFENDANTS**

**ORDER**

On November 6, 2007, the Court directed Defendants TCBY Systems, LLC, and TCBY

of Jordan, Inc. (collectively, "TCBY") to "submit for the Court's consideration an itemization of

requested expenses and fees incurred in connection with said motion."  (See Order, doc. # 51).

The Court's Order resolved a dispute over written discovery responses and specifically found that

sanctions in the form of an award of costs, including attorney's fees, were appropriate.

TCBY waited until January 31, 2008, to submit anything in response to the Court's

request for an itemization of fees and expenses.  It then submitted a three page affidavit

requesting fees and costs in the sum of $11,422.90.  The affidavit makes no effort to itemize the

legal services performed.   Rather, it simply identifies the four lawyers who worked on the

motion to compel and related issues, states their hourly billing rates,[1] and states the number of

hours worked.[2]

---

[1]  Mr.  Jordan's hourly rate is $410 per hour.  Mr. Hanson's hourly rate is $ 245 per hour
and he claims work for 40.3 hours.  Mr. Mortenssen's hourly rate is $275 per hour.  Mr. Find's
hourly rate is $225 per hour.

[2]  Mr. Jordan - 1 hour; Mr. Hansen - 40.3 hours; Mr. Mortensen - .70 hours; Mr. Fink - 4
hours.

1

The Court recognizes that it did not impose a time deadline on TCBY's submission of the requested itemization to support an award of attorney's fees.  However, it certainly did not anticipate that TCBY would wait 2 months and 25 days to file the requested itemization.  Rule 54(d) of the Federal Rules of Civil Procedure provides that unless otherwise provided for by statute or court order, motions for attorney's fees must be filed no later than 14 days after entry of judgment.  Local Rule 54.1 of the Local Rules of the Eastern and Western Districts of Arkansas similarly provides for a fourteen-day period and further states that the "failure to present a timely petition for an award of attorney's fees may be considered by the court to be a waiver of any claim for attorney's fees."  Similarly, TCBY's lengthy delay here might be considered a waiver of any claim for fees.  The Court will not deny an award of fees on this basis alone, but it does consider TCBY's long delay in coming forward with the requested affidavit as a factor weighing against a fee award.

TCBY's short affidavit makes no effort to itemize the requested fees.  The lack of information as to the activities performed or legal services provided prevents the Court from making any rational assessment as to the reasonableness of the fee and also precludes the Plaintiff from challenging the reasonableness of the fee request.

For the reasons stated herein, the Court declines, pursuant to its November 6th Order, to award any attorney's fees and costs to TCBY.

IT IS SO ORDERED this  12th day of February, 2008.

_/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE

2