# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**OSMAN KASHLAN, an individual**                                                                              **PLAINTIFF**

**vs.**                                        **NO.  4:06-CV-000497 GTE**

**TCBY SYSTEMS, LLC, a Delaware**
**limited liability company, and**
**TCBY OF JORDAN, INC., an**
**Arkansas corporation**                                                                                   **DEFENDANTS**

## ORDER

Before the Court is the TCBY Defendants' Motion to Reconsider Order dated February 12, 2008.  Plaintiff Osman Kashlan ("Kashlan") has responded to the motion, and TCBY has filed a reply in further support of its motion.  Based on a review of the parties' submissions and the record in this case, the Court has reconsidered its prior ruling, but declines to vacate its February 12th Order for the following reasons.

TCBY is correct that the Court, when it issued its prior Order, filed February 12th, had not seen TCBY's Reply Brief,[1] which was also filed on February 12th.  TCBY's Reply Brief provided additional information for the Court and responded directly to Plaintiff's criticism that TCBY had failed to itemize its fee request.  The Court noted the lack of itemization in its February 12th Order, stating that without such information the Court could not make any rational assessment of the reasonableness of the fee request.  Plaintiff correctly points out that the information contained in TCBY's Reply Brief should have been included in TCBY's motion, since it was critical to

---

[1] Actually, the pleading is entitled "Response to Plaintiff's Response and Objection to Affidavit of Scott D. Hansen in Support of Award of Fees and Costs Pursuant to Order of November 6, 2007."  (Doc. # 57).  The Court will refer to it as a "Reply Brief."

1

support TCBY's request.

TCBY's delay in submitting such critical information, combined with its 2 month and 25 day delay in following up on the Court's direction to file "an itemization of requested expenses and fees incurred in connection with said motion," leads the Court to conclude that its February 12th Order declining to award fees or costs should stand.

Whether Local Rule 54.1[2] technically applies to TCBY's fee request is not outcome determinative.  TCBY's lengthy delay continues to weigh heavily against a fee award.  TCBY attempts to excuse such delay by contending that it was the result of Plaintiff's counsel's proposal to resolve the attorney's fee issue by making travel arrangements and scheduling depositions for witnesses residing in Syria.  In support, TCBY submits an e-mail documenting Plaintiff's counsel's proposal dated November 7, 2007, the day after the Court's Order indicating that it would award fees and costs to TCBY.  TCBY has submitted no supporting evidence other than this one e-mail to justify its explanation that it was "forestalled" from providing the requested attorneys fee information in a timely fashion.  Plaintiff points out that TCBY never substantively responded to Plaintiff's November 7th proposal.  The Court concludes this excuse does not justify the delay in question and that it falls far short of demonstrating the  "exceptional circumstances" necessary to warrant relief from a prior Order pursuant to Fed. R. Civ. P. 60(b)(6) as contended by TCBY.  TCBY has yet to provide adequate justification for waiting until January 31st to file anything with the Court, whether it be the requested itemization, a motion for

---

[2] Local Rule 54.1 of the Local Rules of the Eastern and Western Districts of Arkansas provides that "[i]n any case in which attorney's fees are recoverable under the law applicable to that case, a motion for attorney's fees shall be filed with the Clerk, with proof of service, within fourteen (14) days after the entry of judgment or an order of dismissal under circumstances permitting the allowance of attorney's fees."

extension of time, or a status report explaining the delay.

The Court made the decision to award fees initially based upon its finding that discovery had been delayed unnecessarily and that Kashlan's counsel was responsible for such delay. Such finding was made on November 6, 2007.[3] It is now mid-March of 2008. The delay in resolving the current fee and costs issue appears to be the fault of TCBY's counsel. Both parties no doubt have incurred additional expense due to the additional briefing required on this issue. The Court concludes that the fairest resolution under the totality of the circumstances is to retract its earlier award of costs and expenses. The Court specifically finds that TCBY has failed to demonstrate any grounds for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure that would justify setting aside the Court's February 12th Order.

Accordingly,

IT IS HEREBY ORDERED THAT the TCBY Defendants' Motion for Reconsideration (Docket No. 59) be, and it is hereby, DENIED.

IT IS SO ORDERED this 17th day of March, 2008.

_/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE

---

[3] *See* Order, Doc. # 51.